# HESSE, NEWMAN, ET AL.
*v.*
# G. LEDESMA & COMPANY ET AL.

San Juan, Equity, No. 951.

### ON MOTION FOR APPOINTMENT OF RECEIVER.

Receivership—Pending Motions.

> Where a case is to be heard substantially upon the merits within a short time, and applications are made for a general and limited receivership, the court will appoint a receiver only to look after what is essential before the case is heard, with leave to parties in interest to apply in the meantime to extend the receivership on proper showing.

Opinion filed February 3, 1915.

*Messrs. Alvarez Nava & Dominguez* for complainant.

Hesse v. Ledesma & Co.

*Mr. C. Coll y Cuchi* for defendant Ledesma & Company.

*Mr. H. G. Molina* for defendant Westphaling.

HAMILTON, Judge, delivered the following opinion:

The matter comes on to be heard upon a motion for a receiver, filed by the defendant Westphaling on January 27th.

It is difficult to decide any question connected with a case by taking up one part of it at a time, and the court must necessarily, therefore, be guided by general principles, not having the details before it. In this particular matter the complainant and the defendant Ledesma do not object to the motion for a receiver. They argue that it would seem the motion should go further, and they seem to base the objection not on the ground that it is a motion for a receiver, but that a receiver of part of the property would not meet the case. The situation before the court is that it is only about ten days before the argument upon the merits, that is to say, in the sense of merits so far as relates to the law. The court understands that there is a motion to dismiss and a demurrer and perhaps other things, and certainly there is a very important jurisdictional question involved. So I speak of it as the merits in that sense,—not on the facts, but on the law involved.

There being only ten days before that argument, and a crop of sugar cane being harvested by somebody, the question is, What should be done? The parties agree that something should be done. They differ as to the extent of the action that the court should take. There is no doubt in the court's mind, in the first place, that it can grant the motion for a receiver. That

is to say, the bill which has invoked the jurisdiction prays for
a receiver, and the court can grant a part of the prayer just
as well as it can grant the whole of the prayer. If in view of
the short time which will elapse and the other circumstances,
it would seem best to grant only part of the relief and leave the
rest of the relief to be decided upon the main hearing, the
court is satisfied it has the power to do this.

The court is inclined to think that it should confine itself
to the motion as made, for this reason: Here is a bill which
may or may not be a good bill. I do not undertake to pass one
way or the other on that. It is in its form not a bill to fore-
close the second mortgage which the complainant claims to hold.
He prays a judgment against the defendant Ledesma & Com-
pany, for an order appointing a receiver, and an injunction.
That seems to be the scope of the bill, the object of asking for
a receiver being to preserve the property until he can pay out
the debts. That, just on the face of it, seems to be the scope
of the bill. Now that may be an equitable procedure,—I do
not pass on this one way or the other,—but it is not a bill to
foreclose the second mortgage, and it is not, in its present shape
at least, a general creditors' bill. It may be turned into a gen-
eral creditors' bill by an amendment, or, as I say, it may al-
ready be a perfectly jurisdictional bill in itself. I do not want
to pass on this until the time comes. But if I should go ahead
and grant a receiver of all the property, it would prejudge
the question as to whether it is a good bill or not; and I am
loath to do that. If it should turn out that the motion to dis-
miss for want of equity should be sustained, then I would have
appointed a receiver who ought not to have been appointed. On
the other hand, there is the consideration that possibly great

Hesse v. Ledesma & Co.

damage may be done if matters are left *in statu quo,* and it is in the court's mind a balance of convenience. What should be done under those circumstances? It seems to me that I should do this:

In the first place, grant the motion for a temporary, limited receiver, his control limited to the property in which Westphaling is interested.

In the second place, reserve the right to the plaintiff or to any other party to apply at any time within the next ten days, or other time, for the extension of the powers of that receiver to all the business of Ledesma, upon a proper showing that it is necessary to keep the estate intact. If that is done, it would be as a matter of necessity rather than anything else. The court, taking jurisdiction for one purpose, is not going to permit injury to other people; but if it can be shown on another motion to extend the powers of the receiver, that it is to the advantage of the general creditors or anybody else, and for the preservation of the property, that the powers be extended, I would be very much inclined to do it, for the simple reason that I am until the 13th already taking jurisdiction of the bill to the extent that is covered by this motion. I cannot help doing that because it is before me and I have got to do one thing or the other, and, taking jurisdiction for that purpose, at least until decision of the motions that I am speaking of, I have to do something with the property. At present it looks as if the only thing absolutely necessary is what is covered by the motion, which is sworn to, for a receiver of the property in which Westphaling is interested.

There is no other motion before me, and of course no application supported by any evidence for an extension of that .

receivership. You have presented a difficult matter with no distinct authorities cited on the subject, and I simply have to be guided by principle on a question as to which you legally agree. You may not personally agree, but the court holds that you agree on a receiver up to some point, and I will not go beyond the necessary point until a distinct application supported by proof is made that the property will suffer unless more is done. That is the extent to which I will go at this time.

The receiver will keep the property *in statu quo,* and that involves continuing the process of collecting and delivering cane as heretofore, and will further secure an accounting from whoever may be the proper party or parties, of the canes cut and delivered since October 30, 1914, and apply to the court for such further instructions as may be needed from time to time.